UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY MANNINO,
ARNOLDO ZARAGOZA,
EDISON ALVAREZ,

                  Plaintiffs,

-vs-                                                      Case No.  6:07-cv-1853-Orl-19UAM

ANDERSON-COLLINS, INC.,
f/k/a Sanford-Orlando Kennel Club Inc.,
COLLINS & COLLINS
d/b/a CCC Racing, JACK COLLINS, JR.,

                  Defendants.
_____

**ORDER**

      This case comes before the Court on the Joint Motion for Certification of Collective Action and Permission to Send Court Supervised Notice Advising Similarly Situated Individuals of Their Opt-In Rights Pursuant to 29 U.S.C. § 216(b) and Incorporated Memorandum of Law (Doc. No. 65, filed July 14, 2008).

      The FLSA requires certain employers to pay certain employees increased wages for hours worked in excess of forty hours per week. 29 U.S.C. § 207 (2006).  As an enforcement mechanism, section 216(b) of the FLSA allows employees to bring civil actions against these employers to recover unpaid overtime compensation. *Id.* § 216(b).  The section also permits employees to file suit on behalf of "similarly situated" employees. *Id.*  However, unlike traditional class actions in federal court, potential class members must "opt-in" to the suit by filing "consent in writing to become such a party" with the court where the suit is pending. *Id.*  Another difference from traditional class

actions is that the FLSA does not statutorily provide for notice to be sent to potential class members. *Compare* 29 U.S.C. § 216(b), *with* Fed. R. Civ. P. 23(c)(2).

In *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989), the Supreme Court explained that Congress' failure to include a notice provision in section 216(b) did not foreclose courts from authorizing plaintiffs to send "opt-in notices" to similarly situated employees. The Eleventh Circuit has implemented the *Sperling* decision by creating a two-tiered system for certification of FLSA collective action suits. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).[1] In the first tier, the court "conditionally certifies" a class and authorizes notice to be sent to potential class members. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218-19 (11th Cir. 2001). Once additional class members have joined, the court proceeds to the second tier where it makes a fact specific determination of whether the original and opt-in plaintiffs are truly similarly-situated. *Id.*

Plaintiffs and Defendants jointly move for authorization to send notice to Defendants' similarly-situated employees of their opt-in rights under 29 U.S.C. § 216(b). For purposes of this Motion, the parties stipulate that (1) "parimutu[e]l tellers" employed by Defendants have similar job duties and pay provisions, and that (2) "maintenance workers" employed by Defendants have similar job duties and pay provisions. Accordingly, the Court will permit conditional certification of the agreed-upon class and authorizes that notice be sent to these potential opt-in plaintiffs.

Based on the foregoing and the stipulation of the parties, it is hereby **ORDERED** that:

---

[1] The Age Discrimination in Employment Act adopted the opt-in provision of the FLSA. 29 U.S.C. § 626(b). Accordingly, the same body of law governs opt-in actions under both Acts. *See*, *e.g.*, *Grayson*, 79 F.3d at 1096.

1. This action is **CONDITIONALLY CERTIFIED** as a collective action.

2. Defendants are **ORDERED** to produce, within 30 days, the names and last known addresses of all parimutuel tellers and maintenance workers employed by Defendants for the period beginning three years prior to the initiation of this suit to the present.

3. Plaintiffs are **AUTHORIZED** to send to such employees the Notice attached as Exhibit A[2] to the Joint Motion and the Consent Form attached as Exhibit B to the Joint Motion.

   **DONE** and **ORDERED** in Chambers in Orlando, Florida on July 17, 2008.

   *[signature]*

   PATRICIA C. FAWSETT, CHIEF JUDGE
   UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[2] Provided, however, that Plaintiffs correctly spell "parimutuel" on the Notice. Furthermore, Plaintiffs shall delete the duplicate sentence on the bottom of page two of the Notice that begins, "By 'opting in,' you gain . . . ." (*See* Doc. No. 65-2 at 2.)