# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANTHONY MANNINO, ARNOLDO ZARAGOZA, EDISON ALVAREZ,**

        **Plaintiffs,**

**-vs-**                                                      **Case No.  6:07-cv-1853-Orl-28GJK**

**ANDERSON-COLLINS, INC. f/k/a SANFORD-ORLANDO KENNEL CLUB INC., COLLINS & COLLINS d/b/a CCC RACING, and JACK COLLINS, JR.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH DEFENDANTS' OFFER OF JUDGMENT AND PLAINTIFF'S ACCEPTANCE OF OFFER OF JUDGMENT (Doc. No. 51)** |
| **FILED:** | April 9, 2008 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

    Plaintiff filed the present Motion for Entry of Judgment ("Motion") requesting the Court to approve Defendants' Joint Offer of Judgment to Plaintiff Arnoldo Zaragoza ("Offer of Judgment") pursuant to the Fair Labor Standards Act ("FLSA").  Doc. Nos. 51; 51-2.

    Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350,

1353 (11th Cir. 1982) judicial review and approval of this Offer of Judgment is necessary to give it final and binding effect. As the Eleventh circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether a settlement is fair and reasonable, the Court should consider the following factors:

1) the existence of collusion behind the settlement;
2) the complexity, expense, and likely duration of the litigation;
3) the state of the proceedings and the amount of discovery completed;
4) the probability of plaintiff's success on the merits;
5) the range of possible recover; and
6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).

The Court has reviewed the Offer of Judgment as required by *Lynn's Food Stores, Inc. v.*

*United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the Offer of Judgment is a fair and reasonable resolution of a bona fide dispute. The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. Each party was represented by independent counsel, who was obligated to vigorously represent his or her client. The Offer of Judgment offered to settle Plaintiff's unpaid overtime compensation claim for $12,480.00. Plaintiff will receive all actual and liquidated damages he claimed. *See* Doc. No. 29. Defendants agree to pay reasonable attorney's fees and costs. Doc. No. 51. Plaintiff accepted the Offer of Judgment. Doc. No. 51-3. The Court finds the Offer of Judgment in exchange for Plaintiff's release of claims and dismissal of the action with prejudice to be fair and reasonable.

**IT IS RECOMMENDED THAT**:

1. The Court grant Plaintiff's Motion only to the extent that it is a fair and reasonable resolution of a bona fide dispute;

2. Judgment be entered in this matter against Defendants, Sanford-Orlando Kennel Club Inc., Collins & Collins d/b/a CCC Racing, and Jack Collins, in the amount of $12,480.00; and

3. The Court dismiss the case as to Plaintiff Arnoldo Zaragoza with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 21, 2008.

Copies Furnished to

The Honorable Patricia C. Fawsett

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

3